# JOHN JACKSON, plaintiff in error, *v.* WILLIAM H. HASKELL, defendant in error.

## *Error to Peoria.*

A blank endorsement upon a promissory note is under the control of the assignee, and may be filled up with his name, before or at the trial of a suit upon the note.
In an action of debt, by petition and summons, it is error to render verdict and judgment for damages.

S. T. LOGAN, for the plaintiff in error.

O. PETERS and JACOB GALE, for the defendant in error.

BREESE, Justice, delivered the opinion of the Court:

This is an action commenced by *petition and summons*, by Haskell against Jackson. The petition describes a note executed by Jackson to one Z. Philips, and alleges, "on which note are the following assignments," to wit: "Zachariah Philips," "Onslow Peters," and concludes with a prayer of judgment for his debt and damages, &c.

The summons is in debt, and an issue was made up on the plea of *nil debet*, which, by consent, was tried by the Court without a jury. The Court "find the issue for the plaintiff, and assess the damages by reason of the premises, to two hundred and fifty dollars," and judgment accordingly, for the damages so assessed.

The assignment of errors questions first, the correctness of the judgment, it being in damages, when it should have been in debt, and secondly, the right of the plaintiff below to recover, the note being endorsed in blank only.

The second error assigned has been repeatedly held to be none. The note is in the power of the assignee, and under his control, and before or upon trial, the blank can be filled up with his name. (1.)

The first error is well assigned. The proceedings are in debt, and consequently a verdict and judgment in damages, as in this case, is erroneous. (2.)

This error, although manifestly the result of inadvertence, is sufficient to reverse the judgment, which is done accordingly, with costs, and the cause remanded, with instructions to set aside the judgment, and award a *venire de novo*.

*Judgment reversed.*

(1) Bayley on Bills 104; Gillham *v.* State Bank of Illinois, *Ante* 245.
(2) Jones *v.* Lloyd *et al.*, Breese 174.